OPINION OF THE COURT
Edward J. Greenfield, J.
In this CPLR article 78 proceeding, petitioner seeks to compel respondents, who administer the Parking Violations Bureau, to vacate her plea of “Guilty” to a parking violation, and further to inform the public of its right to plead “Not Guilty” or “Guilty with an Explanation” without the necessity of a public hearing.
Petitioner alleges that although she was not in fact guilty of the parking violation charged, rather than go through the frustrating and time-consuming process of waiting for an in-person hearing at the Parking Violations Bureau, she followed the directions on the parking ticket, and mailed her guilty plea and her fine in. Thereafter, she asserts, she learned that the Parking Violations Bureau does accept not guilty pleas substantiated by a written response and supporting evidence to a special ex parte part.
Clearly, this is one of the best kept secrets in New York. The parking ticket itself informs the accused citizen that *689 he or she may plead guilty and pay the fine either by mail or in person, but to plead not guilty one is informed that he or she must appear in person at a walk-in hearing, or ask for a scheduled hearing on a specific date in the morning or afternoon. Many a person is thus faced with a Hobson’s choice of paying a minimal fine, or expending more in time away from business for a personal appearance than the fine. It is admirable that respondents have recognized this manifest unfairness and have created the ex parte procedure for the beleaguered citizen, but the parking ticket itself does not reveal the existence of such an alternative. It is of little help that this procedure is referred to in a brochure put out by the Parking Violations Bureau, of which the average citizen is not aware.
The failure to mention the alternative procedure on the parking ticket itself creates an invidious distinction for “those in the know”, but it does not represent such a failure of due process as would result in undermining the validity of the millions of parking tickets which have been issued without notice of the alternative procedure. Respondents have assured the court that it is their intention to have this information on the ticket when new tickets are printed up, and they are admonished to do so within a reasonable time.
The matter is remanded to the Parking Violations Bureau for the purpose of permitting it to allow petitioner to vacate the plea of guilty heretofore entered, and allow her to take advantage of the procedures of the ex parte part should she so choose.
The petition is granted to the extent indicated. The cross motion to dismiss is denied.